**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

v.  Case No. 3:11-cr-119-J-32JBT

BRANDON MEREDITH HARDY,
    a/k/a "BrandonGA"
    a/k/a "bmhhpd"

## ORDER

This case is before the Court on the Government's Notice of Intention to Use "Other Act" Evidence (Doc. 30) and Hardy's Amended Motion in Limine (Doc. 44). The Court held a hearing on March 2, 2012 (Doc. 55) and has considered the argument of counsel, case law, and all relevant facts and circumstances. In addition, the Court has reviewed the transcript of Hardy's April 28, 2011 post-arrest interview in consideration of Hardy's request that certain portions of the transcript be redacted.

## Background

On September 7, 2011, the Government filed a Notice of Intention to Use "Other Act" Evidence. (Doc. 30.) The "other act" evidence includes: (1) "105 images and two videos depicting child pornography, the majority of which depict young boys[,]" which were found on Hardy's computer in November 2010 after a FBI search of his apartment during a child pornography investigation; and (2) "at least one image of child pornography depicting a young boy" discovered on Hardy's computer at the time of his arrest. (Id. at 1-2.) The Government asserts that the evidence is admissible pursuant to Rule 404(b), Federal Rules

of Evidence, because it will not be offered as character evidence, but "is relevant to show [Hardy's] motive, knowledge, intent, lack of mistake, and *modus operandi* for intending to entice the 'child' into performing unlawful sexual acts." (Id. at 2, 4.) The Government also contends that in addition or alternatively, the images and videos, particularly the image found in April 2011, are inextricably intertwined with the charged offense. (Id. at 4.)

Hardy filed a motion in limine on February 13, 2012 (and an amended motion in limine on February 27, 2012) requesting the Court to limit the introduction of "other act" evidence on the basis that the photographs and videos are not probative of any element of the offense with which Hardy is charged and "any . . . speculative probative value is overwhelmed by the severe prejudice that would be suffered by [Hardy]." (Doc. 44 at 1, 3.)

**Discussion**

Rule 404(b) of the Federal Rules of Evidence provides:

> (b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b) (2011). Typically, when determining whether the district court abused its discretion by admitting evidence of a defendant's prior bad acts under Rule 404(b), the Eleventh Circuit employs a three-part test:

> "First, the evidence must be relevant to an issue other than the

2

> defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403."

Id. (quoting United States v. Miller, 959 F.2d 1535, 1538 (11th Cir. 1992) (en banc)).

Both Hardy's not guilty plea and his statements in his post-arrest interview raise the issue whether Hardy had the specific intent to commit the crime with which he has been charged.[1] For example, in the interview, Hardy stated:

> I'm pretty much a big talker. Like, I talk like that online, but like when it comes to, ya know, real life, I, I just like can't like bring like myself to do it. Like it probably would've ended up just going out to eat, and dropping him back up at home, . . . cause I'm really, honestly, it's just all in my head. It's just how, how I am, normally.

(Transcript of Interview of Hardy, Apr. 28, 2011, at 22.) In like circumstances, other courts have allowed the introduction of possession of child pornography as evidence of a defendant's intent in enticement cases. See, e.g., United States v. Chase, 367 F. App'x 979, 982 (11th Cir. 2010) (holding that the district court did not abuse its discretion in admitting sexually provocative images of young girls because they were highly probative of the defendant's intent to entice a minor to commit sexual acts); United States v. Mooney, 303 F. App'x 737, 742 (11th Cir. 2008) ("[T]he [child pornography discovered on the defendant's computer] was relevant to prove [his] intent to pursue and prey on young children."); United

---

[1] To convict Hardy under 18 U.S.C. § 2422(b), the Government must prove that he: (1) had the specific intent to engage in the charged criminal conduct; and (2) took a substantial step toward the commission of the offense. United States v. Farley, 607 F.3d 1294, 1333 (11th Cir. 2010); United States v. Yost, 479 F.3d 815, 819 (11th Cir. 2007).

3

States v. Brand, 467 F.3d 179, 182, 197 (2d Cir. 2006) (holding that it was not error to admit images of child pornography as evidence of the defendant's intent and stating that the fact that the defendant had child pornography on his computer made it more probable than it would have been without the evidence that the defendant's intent was to attempt to entice a minor to engage in sexual activity).

The Court has reviewed the images that the Government is prepared to introduce at trial; they show underage boys engaging in sexually explicit conduct. The image discovered on Hardy's computer at the time of his arrest depicts an underage boy engaging in sexually explicit conduct with an adult male; this image is probative of Hardy's intent at the time that he traveled to meet with a twelve-year-old boy,[2] and the highly probative value of the image is not substantially outweighed by the acknowledged prejudicial effect. Thus, the Government will be permitted to introduce into evidence the actual image accompanied by an appropriate limiting instruction.

With respect to the child pornography found on Hardy's computer in November 2010, these images also show underage boys in compromising sexual positions and are likewise probative of Hardy's sexual interest in underage boys. While the five months that elapsed between the time these images were discovered on Hardy's computer and the date of the charged offense is a factor to consider, Hardy's possession of the images is nonetheless

---

[2] See Chase, 367 F. App'x at 982 ("[T]he intent to entice a young girl into performing unlawful sexual acts necessarily involves a sexual interest in young girls, which is the intent underlying [the defendant's] viewing sexually provocative images of young girls . . . . Therefore, the images . . . involve the same mental state as the charged offense, and they satisfy the first prong of the Rule 404(b) admissibility test.").

4

close enough in time to the charged offense to be probative of Hardy's intent. See United States v. South, 359 F. App'x 960, 964-65 (11th Cir. 2010) (holding that evidence that the defendant possessed child pornography nine months prior to the crimes charged was relevant to determine his intent). Thus, as suggested by the Government and also done in South, the Court will permit limited introduction of this evidence by allowing the Government to call the case agent to describe the discovery of the images and provide a description of three of them, rather than introducing the actual images. This will assist in alleviating the potential prejudicial effect of allowing the jury to view the actual images.

While the Court is strongly inclined to allow the Government to introduce the November 2010 images in the manner described, the Court directs the Government to refrain from speaking of such evidence in its opening statement or case in chief until the Court has heard all of the rest of the Government's case. The Government should then request permission to introduce evidence of the November 2010 images. The Court places no such restrictions on the Government's use of the image found at the time of Hardy's arrest.

Additionally, after reviewing the transcript of Hardy's post-arrest interview and considering the redactions that Hardy requested concerning statements he made pertaining to his interactions with other underage children, the request is denied. The entire interview, including some potentially exculpatory statements, is probative in this case. Thus, the Court will allow introduction of the post-arrest interview into evidence without the requested redactions.

Accordingly, it is hereby

**ORDERED**:

1. Hardy's Amended Motion in Limine (Doc. 44) is **DENIED IN PART**. The Government will proceed as stated in this Order.

2. Hardy's request to redact certain portions of the post-arrest interview transcript is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of March, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jk.
Copies:

counsel of record